James P. MITCHELL, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

Harold BOWERS and Guy Bowers, Defendants.

Civ. A. No. 2181.

United States District Court
W. D. South Carolina,
Greenwood Division.

Jan. 1, 1958.

Beverley R. Worrell, Regional Atty., U. S. Dept. of Labor, Birmingham, Ala., for plaintiff.

Thomas H. Pope, Newberry, S. C., for defendants.

WYCHE, Chief Judge.

Plaintiff brings this action to enjoin the defendants from violating the provisions of 15(a) (1), 15(a) (2) and 15(a) (5) of the Fair Labor Standards Act (U.S.C.A. Title 29, sec. 201 et seq.)

In compliance with Rule 52(a) of the Rules of Civil Procedure, 28 U.S.C.A., I find the facts specially and state my conclusions of law thereon in the above cause as follows:

### Findings of Fact

The defendants, men of limited formal education, operate as a partnership, a small sawmill, primarily in Newberry County, South Carolina, in which they employ approximately six employees whose employment is covered by the Act in question. The defendant Harold Bowers is primarily in charge of paying the employees and keeping the time records, but the defendant Guy N. Bowers has on occasion performed these duties.

In 1939 or 1940, Harold Bowers was advised by a representative of the Department of Labor that he must pay his employees the minimum wages and overtime compensation required by the Act and that since that date the defendants have done so. Nothing was said to Harold Bowers about his keeping records of any nature and he in good faith maintained a record of daily hours worked and weekly compensation paid in a pocket notebook; once each calendar quarter these notebooks were taken to a public accountant in Newberry who would abstract from them such information as was necessary to complete and file the defendants' quarterly FICA, OAB and withholding returns; when the pocket notebooks had been completely filled with entries, the old book would be discarded and a new one obtained and kept by the defendants, and they were unaware of

the requirement for preserving these records for a period of years.

Since the institution of this action, the defendants have had prepared, by their attorneys and accountant, a record form which counsel for the plaintiff concedes meets the requirements of the Act and contains all material information required. Samples of these forms were offered in evidence and they appear completely adequate. Defendants intend to continue to use these forms in the future and to preserve them as required.

Plaintiff failed to prove by the greater weight of the evidence that the defendants have failed to pay their employees the statutory minimum wages to compensate their employees at the statutory rate for overtime.

I find from all the evidence in this case that the defendants did not wilfully intend to violate the provisions of the Fair Labor Standards Act; that they, through ignorance, failed to maintain and preserve the records required by the Act, but that they have in fact during the period in question paid their employees the statutory minimum wages required by the Act and that they have paid the required overtime compensation when applicable. I was favorably impressed with the forthright appearance of the defendants. Since they are men of limited formal education, they have employed and are employing a public accountant in Newberry to prepare their tax returns and to keep their permanent records. It appears unlikely to me that any future violation of the record-keeping provisions of the Act will occur.

Conclusions of Law, Opinion and Order

This Court has jurisdiction of the parties and of the subject matter of this action.

Through ignorance, the defendants have failed to keep and preserve during the period in question adequate records as required by the Fair Labor Standards Act.

The defendants have, with the help of their attorney and accountant, compiled daily and weekly work-records which the plaintiff conceded contain all the material information required by the Act. The defendants stated their intention to have these records preserved by their public accountant in future for the period of time required by the Act.

The granting of an injunction in a case of this nature lies in the sound discretion of the trial judge. Walling v. Youngerman-Reynolds Hardwood Co., 325 U.S. 419, 65 S.Ct. 1242, 89 L.Ed. 1705; Tobin v. Alma Mills, 4 Cir., 192 F.2d 133. The burden of proving need for an injunction against violation of the Fair Labor Standards Act is upon the movant. United States v. W. T. Grant Co., 345 U.S. 629, 73 S.Ct. 894, 897, 97 L.Ed. 1303; Mitchell v. Hertzke, 10 Cir., 234 F.2d 183. An injunction should not issue merely to punish past violations of the Act, but only to stop existing violations and to prevent future violations. Mitchell v. Hertzke, supra; Tobin v. Alma Mills, supra.

Applying the applicable law to the facts in this case, I conclude that prior to May, 1957, the defendants had violated the record-keeping provisions of the Act, but that such violation was due to ignorance of the law and certainly was not wilful. There was no credible evidence of a failure to pay the statutory wages or to pay the statutory overtime compensation.

I conclude that the defendants are now complying with the provisions sought to be enjoined and that there is no likelihood of future violations.

Based upon the foregoing Findings of Fact, Conclusions of Law and Opinion, I am of the opinion that an injunction should not issue in this cause.

Entry of appropriate judgment is directed accordingly, and

It is so ordered.